PER CURIAM:
**553 On July 2, 2015, respondent was placed on interim suspension based on an eight-count federal indictment for wire fraud, bank fraud, and engaging in monetary transactions in property derived from specified unlawful activity.[1] Due to respondent's conviction, the *472 Commission on Lawyer Conduct (the Commission) authorized formal charges and scheduled an evidentiary hearing. However, while preparing for a pre-hearing conference, the Office of Disciplinary Counsel (ODC) learned through review of a transcript of a disciplinary proceeding against respondent in Tennessee that, in March 2017, respondent was allowed to resign from the Texas State Bar in lieu of discipline. Respondent failed to inform the Commission or ODC of her Texas resignation in lieu of discipline as required by Rule 29(a), RLDE, Rule 413, SCACR (requiring an attorney admitted to practice in this state who is disciplined or transferred to incapacity inactive status in another jurisdiction notify the Commission in writing of the discipline or transfer within fifteen days of being disciplined or transferred to incapacity inactive status).
ODC notified the Court of respondent's Texas resignation and sought clarification as to whether to proceed with the scheduled evidentiary hearing on respondent's formal charges in light of the discovery of the resignation. The Court ordered the parties to proceed with the hearing as scheduled and further notified respondent, pursuant to Rule 29(b), RLDE, Rule 413, SCACR, she had thirty days from the date of the order to inform the Court of any claim she may have that imposition of discipline identical to that imposed by the Texas Supreme Court should not be imposed in this state and the **554 reason(s) for that claim. In re Meehan , S.C. Sup. Ct. Order dated Aug. 16, 2018.
In response, respondent argued she was not required to report her Texas resignation in lieu of discipline pursuant to Rule 29(a), RLDE, and, even if the rule applied to her resignation from the Texas State Bar, she should not face reciprocal discipline in South Carolina because the South Carolina resignation in lieu of discipline rule differs from the Texas rule.[2] Specifically, respondent argued requiring her to resign in lieu of discipline in South Carolina would result in a greater punishment in this state than she received in Texas because, while she may apply for reinstatement in Texas, she would be prevented from ever applying for reinstatement in South Carolina.
We find respondent's argument that she did not believe Rule 29(a), RLDE, notification was triggered by the Texas Supreme Court's order accepting her resignation in lieu of discipline is disingenuous. The Texas Rules of Disciplinary Procedure state any resignation in lieu of discipline in Texas "shall be treated as disbarment for all purposes, including client notification, discontinuation of practice, and reinstatement." Rule 10.05, Texas Rules of Disciplinary Procedure (emphasis added). The South Carolina Rules of Lawyer Disciplinary Enforcement identify "disbarment" as a sanction which may be imposed on an attorney who commits misconduct. Rule 7(b)(1), RLDE, Rule 413, SCACR. Although Rule 29(a), RLDE, specifically states an attorney must notify the Commission within fifteen days "of being disciplined "-not **555 sanctioned-and although neither term is specifically defined in the South Carolina Rules for Lawyer Disciplinary Enforcement, this Court has previously held Rule 29(a), RLDE, requires notification of disbarment in another jurisdiction be made to the Commission. See In re Walters , 400 S.C. 625, 629-30, 735 S.E.2d 635, 637 (2011).
However, we find strictly imposing identical discipline upon respondent by requiring *473 she resign in lieu of discipline in South Carolina would be inappropriate in this instance because the consequences of an attorney submitting her resignation in lieu of discipline differ greatly between Texas and South Carolina. See Rule 29(d), RLDE, Rule 413, SCACR (requiring identical discipline be imposed unless lawyer demonstrates, or the Court finds, imposition of identical discipline would result in grave injustice or the imposition of substantially different discipline). Additionally, because resigning in lieu of discipline in South Carolina must be a voluntary action, we find ordering respondent to resign would violate the tenets of Rule 35, RLDE, Rule 413, SCACR, which require an attorney seeking to resign in lieu of discipline in South Carolina to provide "[a] statement that the permanent resignation in lieu of discipline is freely and voluntarily rendered and that the lawyer is not being subjected to coercion or duress."
With the above analysis in mind, we find disbarment is the appropriate sanction to impose as reciprocal discipline. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR, and shall also surrender her certificate of admission to the practice of law to the Clerk of the Supreme Court.
DISBARRED.
BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.

Respondent was accused of defrauding a University of Alabama sorority out of approximately $234,000. At the time of her indictment, respondent was licensed to practice law in South Carolina, Tennessee, and Texas. In October 2016, respondent pled guilty to one count of bank fraud. She was sentenced to six months in prison, eighteen months of home confinement, and forty months of supervised probation. Respondent was also required to complete eight hours of community service per week while on home confinement and probation and ordered to pay a fine of $50,000.

In South Carolina, a lawyer who does not wish to "contest or defend against allegations of misconduct in connection with a pending disciplinary investigation or formal proceedings may file a motion for permission to permanently resign in lieu of discipline ...." Rule 35(a), RLDE, Rule 413, SCACR (emphasis added). However, in Texas,
[A] person who has resigned in lieu of discipline may, at any time after the expiration of five years from ... the date of Supreme Court order accepting resignation in lieu of discipline, petition the district court of the county of his or her residence for reinstatement ; provided, however, that no person who has ... resigned in lieu of discipline by reason of conviction of ... an Intentional Crime or a Serious Crime, is eligible to apply for reinstatement until five years following the date of completion of sentence, including any period of probation and/or parole.
Rule 11.01, Texas Rule of Disciplinary Procedure (emphasis added).